UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

VERALYNN BERNAL                          :

        Plaintiff,                       :

                              :

v.                                       :            CIVIL ACTION NO.

                              :

HEALTHTRAX INTERNATIONAL, INC.,          :
JINGER BERRY, THE STAMFORD               :
HOSPITAL C/O CORPORATION                 :
SERVICE COMPANY and STAMFORD             :
HEALTH SYSTEM, INC.                      :

        Defendants.                      :

## NOTICE OF REMOVAL

      TO PLAINTIFF VERALYNN BERNAL AND HER ATTORNEY OF RECORD,

AND TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF CONNECTICUT:

      Defendants Healthtrax International, Inc. and Jinger Berry, by their attorney

Michael C. Harrington of Murtha Cullina LLP, hereby give notice of the removal of this

action from the Connecticut Superior Court, Judicial District of Stamford/Norwalk at

Stamford (Docket No. FST-CV12-6013781-S), to the United States District Court for the

District of Connecticut pursuant to 28 U.S.C. § 1441 et seq.  Defendants remove this

case to the United States District Court on the grounds that this action is within the

original jurisdiction of this Court pursuant to 28 U.S.C. § 1331.  In support of their Notice

of Removal, Defendants Healthtrax International, Inc. and Jinger Berry respectfully

represent that:

      1.      Plaintiff Veralynn Bernal commenced this action in the Connecticut

Superior Court for the Judicial District of Stamford/Norwalk at Stamford, 123 Hoyt

Street, Stamford, CT 06905 by way of Summons and Complaint dated April 27, 2012, with a Return Date of June 12, 2012.  True and accurate copies of the Summons, Complaint, and Marshal's Return of Service as filed in the Superior Court are attached hereto at <u>Tab A</u>.

2.      Defendants Healthtrax International, Inc., Jinger Berry, The Stamford Hospital c/o Corporation Service Company and Stamford Health System, Inc., were served process on April 30, 2012.

3.      This notice of removal is timely pursuant to 42 U.S.C. § 1446(b), because it was filed "within thirty days after receipt by Defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ."

4.      A copy of the docket sheet has been attached hereto at <u>Tab B</u>.  No other pleadings, papers or order have been served upon Defendant petitioners in this action.

## <u>ALLEGATIONS OF THE COMPLAINT</u>

5.      Defendant Healthtrax International, Inc. ("Healthtrax") is a domestic corporation registered with the Connecticut Secretary of State, and with a business address of 2345 Main Street, Glastonbury, CT 06033.

6.      Defendant Stamford Hospital ("Stamford Hospital") is a domestic corporation registered with the Connecticut Secretary of State.

7.      Defendant Stamford Health Systems, Inc. ("SHS") is a domestic corporation registered with the Connecticut Secretary of State, and with a business address of 30 Shelburne Road, Stamford, CT 06902.

8.      Defendant Jinger Berry is an individual who resides in the State of Connecticut.  Ms. Berry is an employee of Healthtrax and was the immediate supervisor of Plaintiff.

9.      Plaintiff Veralynn Bernal is an individual who resides in Scarsdale, New York.  Ms. Bernal worked at the Healthtrax location at 32 Strawberry Hill Court, Stamford, CT until the termination of her employment in March 2010.  Ms. Bernal alleges that she and Ms. Berry were employees of Healthtrax, Stamford Hospital and SHS.

10.     Plaintiff alleges that Ms. Berry harassed her and made inappropriate comments to her containing sexually explicit language.

11.     Plaintiff further alleges that Ms. Berry, Healthtrax, SHS and the Stamford Hospital retaliated against her for exercising her rights under Title VII of the Civil Rights Act of 1990, 42 U.S.C. § 2000e et seq. ("Title VII").

12.     The Complaint asserts eight causes of action:

      a.      Count I:  Intentional Infliction of Emotion Distress (against Ms. Berry)

      b.      Count II:  Negligent Infliction of Emotion Distress (against Ms. Berry)

      c.      Count III:  Breach of Contract (against Ms. Berry, Healthtrax, SHS, and the Stamford Hospital)

      d.      Count IV:  Wrongful Discharge (against Ms. Berry, Healthtrax, SHS, and the Stamford Hospital)

      e.      Count V: Retaliation in violation of Title VII and the Connecticut Fair Employment Practices Act (against Ms. Berry, Healthtrax, SHS, and the Stamford Hospital)

      f.      Count VI:  Breach of Implied Covenant of Good Faith and Fair Dealing (against Ms. Berry, Healthtrax, SHS, and the Stamford Hospital). Plaintiff alleges that Ms. Berry, Healthtrax, SHS and the

Stamford Hospital breached the implied covenant of good faith and fair dealing by terminating Plaintiff for her efforts to enforce her rights under Title VII and the Connecticut Fair Employment Practices Act.

g.      Count VII: Respondent Superior (against Healthtrax, SHS, and the Stamford Hospital)

h.      Count VIII: Hostile Work Environment/Sexual Harassment in violation of Title VII and the Connecticut Fair Employment Practices Act (against Ms. Berry, Healthtrax, SHS, and the Stamford Hospital).

13.     The Stamford Hospital and SHS consent to the removal of this action. Affidavits of consent to the removal of this action are attached hereto at Tab C and Tab D respectively.

## STANDARD FOR FEDERAL JURISDICTION

14.     Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State Court of which the district courts of the United States have original jurisdiction, may be removed by Defendant or Defendants, to the district court of the United States for the district of division embracing the place where such action is pending."

15.     Pursuant to 28 U.S.C. § 1331, "district courts shall have original jurisdiction of all civil action arising under the Constitution, laws or treaties of the United States."

16.     Title VII of the Civil Rights Act of 1990, 42 U.S.C. § 2000e et seq. is a law of the United States.

17.     Pursuant to 28 U.S.C. § 1441, "[w]henever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein . . . ."

**BASIS FOR REMOVAL**

18.     By reason of the foregoing and by virtue of 28 U.S.C. § 1331, this Court has original jurisdiction over this claim.  All requirements for removal on the basis of federal questions jurisdiction have been satisfied, and this action is properly removable under 28 U.S.C. § 1441.

19.     In accordance with 28 U.S.C. 1446(d), Defendants are providing written notice of the filing of this Notice of Removal to Plaintiff by serving Plaintiff's counsel of record.  Defendants shall also file a copy of the notice with the Clerk of the Connecticut Superior Court, Judicial District of Stamford/Norwalk at Stamford.

20.     The United States District Court for the District Court of Connecticut is the appropriate court for removal from the Connecticut Superior Court, Judicial District of Stamford/Norwalk at Stamford.

21.     By filing this Notice of Removal, Defendants have not and do not waive any defenses they might assert or their right to bring any application anywhere in relation to this litigation or its subject matter.

WHEREFORE, Petitioners pray that this action be removed to this Court.

DEFENDANTS – HEALTHTRAX
INTERNATIONAL, INC and JINGER BERRY


By    /s/ Michael C. Harrington
     Michael C. Harrington – ct17140
     mharring@murthalaw.com

Murtha Cullina LLP
CityPlace I - 185 Asylum Street
Hartford, Connecticut 06103-3469
Telephone:  860.240.6000
Facsimile:   860.240.6150
Its Attorneys

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 24, 2012, a copy of the foregoing was served by

U.S. First Class Mail on the following counsel of record:

      Stephanie C. Laska
      Harris, Harris & Schmid
      11 Belden Avenue, First Floor
      Norwalk, CT 06850
      Telephone: (203) 838-7111
      Facsimile: (203) 845-0772
      Attorneys for Plaintiff Veralynn Bernal

      Michael J. Soltis
      Gabriel L. Williams
      Jackson Lewis LLP
      1010 Washington Blvd., 7th Floor
      Stamford, CT 06901
      Telephone: (203) 961-0404
      Facsimile: (203) 324-4704
      Attorneys for Defendants The Stamford Hospital and
      Stamford Health System, Inc.

                           /s/ Michael C. Harrington
                           Michael C. Harrington

3895151v1

# Tab A

| SUMMONS - CIVIL<br>JD-CV-1   Rev. 6-11<br>C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a,<br>52-48, 52-259, P.B. Secs. 3-1 through 3-21, 8-1 | STATE OF CONNECTICUT<br>**SUPERIOR COURT**<br>www.jud.ct.gov | See page 2 for instructions |
|---|---|---|

| | |
|---|---|
| ☐ "X" if amount, legal interest or property in demand, not including interest and<br>costs is less than $2,500.<br>☐ "X" if amount, legal interest or property in demand, not including interest and<br>costs is $2,500 or more.<br>☒ "X" if claiming other relief in addition to or in lieu of money or damages. | TO: Any proper officer; BY AUTHORITY OF THE<br>STATE OF CONNECTICUT, you are hereby<br>commanded to make due and legal service of<br>this Summons and attached Complaint. |

| Address of court clerk where writ and other papers shall be filed *(Number, street, town and zip code)*<br>*(C.G.S. §§ 51-346, 51-350)*<br>123 Hoyt Street, Stamford, CT 06905 | Telephone number of clerk *(with area code)*<br>( 203 ) 965-5308 | Return Date *(Must be a Tuesday)*<br>June    12 , 2012<br>Month   Day   Year |
|---|---|---|

| ☒ Judicial District    ☐ Housing Session    G.A. Number: | At *(Town in which writ is returnable)* *(C.G.S. §§ 51-346, 51-349)*<br>Stamford | Case type code *(See list on page 2)*<br>Major: T     Minor: 90 |
|---|---|---|

**For the Plaintiff(s) please enter the appearance of:**

| Name and address of attorney, law firm or plaintiff if self-represented *(Number, street, town and zip code)*<br>Harris, Harris and Schmid, 11 Belden Avenue, First Floor, Norwalk, CT 06850 | Juris number *(to be entered by attorney only)*<br>417877 |
|---|---|

| Telephone number *(with area code)*<br>( 203 ) 838-7111 | Signature of Plaintiff *(If self-represented)* |
|---|---|

| Number of Plaintiffs: 1 | Number of Defendants: 4 | ☐ Form JD-CV-2 attached for additional parties |
|---|---|---|

| Parties | Name *(Last, First, Middle Initial)* and Address of Each party *(Number; Street; P.O. Box; Town; State; Zip; Country, if not USA)* | |
|---|---|---|
| First Plaintiff | Name: Bernal, Veralynn<br>Address: 3 Greenvale Place, Scarsdale, NY 10583 | P-01 |
| Additional Plaintiff | Name:<br>Address: | P-02 |
| First Defendant | Name: Healthtrax International, Inc.<br>Address: 2345 Main Street, Glastonbury, CT 06033 | D-50 |
| Additional Defendant | Name: Jinger Berry<br>Address: 17 Renshaw Road, #B, Darien, CT 06820 | D-51 |
| Additional Defendant | Name: The Stamford Hospital c/o Corporation Service Company<br>Address: 50 Weston Street, Hartford, CT 06120 | D-52 |
| Additional Defendant | Name: Stamford Health System, Inc.<br>Address: 30 Shelburne Road, Stamford, CT 06902 | D-53 |

## Notice to Each Defendant

1. **YOU ARE BEING SUED.** This paper is a Summons in a lawsuit. The complaint attached to these papers states the claims that each plaintiff is making against you in this lawsuit.
2. To be notified of further proceedings, you or your attorney must file a form called an "Appearance" with the clerk of the above-named Court at the above Court address on or before the second day after the above Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to come to court.
3. If you or your attorney do not file a written "Appearance" form on time, a judgment may be entered against you by default. The "Appearance" form may be obtained at the Court address above or at *www.jud.ct.gov* under "Court Forms."
4. If you believe that you have insurance that may cover the claim that is being made against you in this lawsuit, you should immediately contact your insurance representative. Other action you may have to take is described in the Connecticut Practice Book which may be found in a superior court law library or on-line at *www.jud.ct.gov* under "Court Rules."
5. If you have questions about the Summons and Complaint, you should talk to an attorney quickly. **The Clerk of Court is not allowed to give advice on legal questions.**

| Signed *(Sign and "X" proper box)*<br>*Stephanie Laska* | ☒ Commissioner of the<br>Superior Court<br>☐ Assistant Clerk | Name of Person Signing at Left<br>Stephanie C. Laska | Date signed<br>04/27/2012 |
|---|---|---|---|

| If this Summons is signed by a Clerk:<br>a. The signing has been done so that the Plaintiff(s) will not be denied access to the courts.<br>b. It is the responsibility of the Plaintiff(s) to see that service is made in the manner provided by law.<br>c. The Clerk is not permitted to give any legal advice in connection with any lawsuit.<br>d. The Clerk signing this Summons at the request of the Plaintiff(s) is not responsible in any way for any errors or omissions in the Summons, any allegations contained in the Complaint, or the service of the Summons or Complaint. | For Court Use Only<br>File Date |
|---|---|

| I certify I have read and understand the above: | Signed *(Self-Represented Plaintiff)* | Date |
|---|---|---|

Name and address of person recognized to prosecute in the amount of $250
Anne Eyman, 11 Belden Avenue, First Floor, Norwalk, CT 06850

| Signed *(Official taking recognizance; "X" proper box)*<br>*Stephanie Laska* | ☒ Commissioner of the<br>Superior Court<br>☐ Assistant Clerk | Date<br>04/27/2012 | Docket Number |
|---|---|---|---|

(Page 1 of 2)

| | | |
|---|---|---|
| RETURN DATE: June 12, 2012 | ) | SUPERIOR COURT |
| | ) | |
| VERALYNN BERNAL | ) | JUDICIAL DISTRICT OF |
| 3 GREENVALE PLACE | ) | STAMFORD/NORWALK |
| SCARSDALE, NY 10583 | ) | |
| | ) | AT STAMFORD |
| PLAINTIFF, | ) | |
| | ) | |
| | ) | |
| V. | ) | |
| | ) | |
| HEALTHTRAX INTERNATIONAL, INC. | ) | |
| 2345 MAIN STREET | ) | |
| GLASTONBURY, CT, 06033 | ) | |
| | ) | |
| JINGER BERRY | ) | |
| 17 RENSHAW ROAD, # B | ) | |
| DARIEN, CT 06820 | ) | |
| | ) | |
| THE STAMFORD HOSPITAL | ) | |
| C/O CORPORATION SERVICE COMPANY | ) | |
| 50 WESTON STREET | ) | |
| HARTFORD, CT, 06120 | ) | |
| | ) | |
| STAMFORD HEALTH SYSTEM, INC. | ) | |
| 30 SHELBURNE ROAD | ) | |
| STAMFORD, CT, 06902 | ) | |
| | ) | |
| DEFENDANTS | ) | APRIL 27, 2012 |

## **COMPLAINT**

**FIRST COUNT**: (Intentional Infliction of Emotional Distress - Berry)

     1.    At all times hereinafter mentioned, the Plaintiff, Veralynn Bernal, (hereinafter

referred to as "Bernal"), was a resident of the State of New York, residing in Scarsdale.

     2.    At all times hereinafter mentioned, the Defendant, Healthtrax International, Inc.

(hereinafter referred to as "Healthtrax"), was a domestic corporation registered with the

Connecticut Secretary of State, and with business address of 2345 Main Street, Glastonbury, CT,

06033.

3.      At all times hereinafter mentioned, the Defendant, The Stamford Hospital, was a domestic corporation registered with the Connecticut Secretary of State.

4.      At all times hereinafter mentioned, the Defendant, Stamford Health System, Inc., (hereinafter referred to as "SHS"), was a domestic corporation registered with the Connecticut Secretary of State, and with a business address of 30 Shelburne Road, Stamford, CT 06902.

5.      At all times hereinafter mentioned, Jinger Berry, (hereinafter referred to as "Berry"), was a resident of the State of Connecticut.

6.      At all times hereinafter mentioned, Bernal and Berry were employees of Defendant Healthtrax.

7.      At all times hereinafter mentioned, Bernal and Berry were temporary /contract employees of the Defendants, The Stamford Hospital and SHS.

8.      At all times hereinafter mentioned, Bernal worked for the Defendants at the Healthtrax location at 32 Strawberry Hill Court, in Stamford, CT.

9.      At all times hereinafter mentioned, Berry worked for the Defendants at the Healthtrax location at 32 Strawberry Hill Court, in Stamford, CT and was the Executive Director of the Stamford location of Healthtrax, and was the immediate supervisor of Bernal.

10.     The occurrences complained of herein took place in Stamford, Connecticut between the period of time commencing on or about August 24, 2009 and continuing through November of 2010.

11.     During the Plaintiff's employment, and through and following her termination, the Plaintiff was subjected to a hostile work environment, where she was subjected to insulting, demeaning, and sexual comments in front of other employees and clients.

2

12.     Jinger Berry repeatedly made inappropriate comments to the Plaintiff, including comments regarding her breasts and using inappropriate language and containing sexually explicit content, as well as making inappropriate comments about other co-workers.

13.     Jinger Berry repeatedly made inappropriate comments about the Plaintiff and other persons within earshot of the Plaintiff.

14.     The comments made by Berry made the Plaintiff feel humiliated, disrespected, and extremely embarrassed.

15.     The Plaintiff addressed Berry's comments directly to her on several occasions, advising her that the statements were offensive and asking her to stop, however the harassment continued.

16.     Berry made inappropriate comments to the Plaintiff about the Plaintiff's medical condition.

17.     Berry made inappropriate comments to the Plaintiff regarding a former co-worker's unemployment hearing.

18.     On or about March 15, 2010, the Plaintiff again addressed the comments made by Berry to Berry directly.

19.     On or about March 16, 2010, Berry called the Plaintiff into a follow up meeting, in which Berry terminated the Plaintiff.

20.     Berry repeatedly harassed Bernal in a demeaning and insulting matter, and repeatedly unfairly criticized Bernal, and humiliated her in an aggressive and hostile manner.

21.     By reason of the above actions and conduct, among other things, Berry caused Bernal to suffer emotional distress.

3

22.    By reason of the above actions and conduct, among other things, Berry intended to inflict emotional distress upon Bernal, or knew or should have known that Bernal would suffer emotional distress as the likely result of his conduct.

23.    Berry's conduct as set forth above was extreme and outrageous.

24.    Berry's conduct was the cause of Bernal's distress.

25.    The emotional distress sustained by Bernal was severe.

26.    As a consequence of Berry's conduct as set forth herein, the Plaintiff, suffered the following injuries, all or part of which may be permanent:

        a.    anxiety and emotional distress;

        b.    embarrassment;

        c.    humiliation;

        d.    loss of wages; and

        e.    termination of her employment.

27.    Bernal suffered damages as a result of Berry's conduct set forth above, for which Berry is responsible.

28.    As a further result, Bernal was terminated from her work at Healthtrax.

29.    By reason of the foregoing, Bernal has suffered severe, permanent, and extensive damages for which Berry is responsible.

**SECOND COUNT: (Negligent Infliction of Emotional Distress – Berry)**

1-21.    Paragraphs 1-21 of the First Count are hereby incorporated into and made Paragraphs of this Count, as if fully restated herein.

22.    By reason of the above actions and conduct, among other things, Berry engaged in negligent conduct which violated a duty of care towards Bernal.

23.    By reason of the above actions and conduct, among other things, Berry caused Bernal to suffer emotional distress.

24.    Berry should have realized that her conduct involved an unreasonable risk of causing emotional distress and that said distress might result in illness or bodily harm.

25.    As a consequence of Berry's conduct as set forth herein, the Plaintiff, Bernal, suffered the following injuries, all or part of which may be permanent:

        a.    anxiety and emotional distress;

        b.    embarrassment;

        c.    humiliation;

        d.    loss of wages; and

        e.    termination of her employment.

26.    Bernal suffered damages as a result of Berry's conduct set forth above, for which Berry is responsible.

27.    As a further result, Bernal was terminated from her work at Healthtrax.

28.    By reason of the foregoing, Bernal has suffered severe, permanent, and extensive damages for which Berry is responsible.

**THIRD COUNT:** **(Breach of Contract- Berry, Healthtrax, SHS, and The Stamford Hospital)**

1-29.    Paragraphs 1-29 of the First Count are hereby incorporated into and made Paragraphs of this Count, as if fully restated herein.

30- 36.  Paragraphs 22-28 of the Second Count are hereby incorporated into and made Paragraphs of this Count, as if fully restated herein.

37.    The Plaintiff and the Defendants entered into an employment contract.

38.    The Plaintiff performed pursuant to her employment contract.

39.    The Defendants breached the contract by failing to prevent the harassment by Berry and by permitting the wrongful, retaliatory termination of the Plaintiff.

40.    The Plaintiff suffered damages as a consequence of the Defendants' and Berry's actions.


**FOURTH COUNT:** **(Wrongful Discharge – Berry, Healthtrax, SHS, and The Stamford Hospital)**

1-29.    Paragraphs 1-29 of the First Count are hereby incorporated into and made Paragraphs of this Count, as if fully restated herein.

30- 36.  Paragraphs 22-28 of the Second Count are hereby incorporated into and made Paragraphs of this Count, as if fully restated herein.

37.    The Plaintiff and the Defendants entered into an employment contract.

38.    The Plaintiff performed pursuant to her employment contract.

39.    The Defendants breached the contract by failing to prevent the harassment by Berry and by permitting the wrongful, retaliatory termination of the Plaintiff.

40.     The Plaintiff suffered damages as a consequence of the Defendants' and Berry's actions.

41.     The Plaintiff's opposition to the unlawful practices and violations of public policy by Berry was a substantial factor in the termination of her employment.

**FIFTH COUNT:  (Retaliation – Berry, Healthtrax, SHS, and The Stamford Hospital)**

1-29.   Paragraphs 1-29 of the First Count are hereby incorporated into and made Paragraphs of this Count, as if fully restated herein.

30- 36.  Paragraphs 22-28 of the Second Count are hereby incorporated into and made Paragraphs of this Count, as if fully restated herein.

37.     The Plaintiff and the Defendants entered into an employment contract.

38.     The Plaintiff performed pursuant to her employment contract.

39.     The Defendants breached the contract by failing to prevent the harassment by Berry and by permitting the wrongful, retaliatory termination of the Plaintiff.

40.     The Plaintiff suffered damages as a consequence of the Defendants' and Berry's actions.

41.     The Plaintiff's opposition to the unlawful practices and violations of public policy by Berry was a substantial factor in the termination of her employment.

42.     Title VII and the Connecticut Fair Employment Practices Act prohibit an employer to discriminate against, discipline, or discharge an individual who opposes a discriminatory practice or makes a complaint of discrimination in the workplace.

43.     The Plaintiff complained and protested to her supervisor about conduct which she reasonably believed was a violation of state or federal discrimination laws.

7

44.     The Plaintiff was subsequently terminated.

45.     The Plaintiff's complaints were a motivating factor in her termination.

46.     As a result, the Plaintiff has suffered damages.

**SIXTH COUNT:**  (Breach of Implied Covenant of Good Faith and Fair Dealing – Berry, Healthtrax, SHS, and The Stamford Hospital)

1-29.   Paragraphs 1-29 of the First Count are hereby incorporated into and made Paragraphs of this Count, as if fully restated herein.

30- 36.  Paragraphs 22-28 of the Second Count are hereby incorporated into and made Paragraphs of this Count, as if fully restated herein.

37.     The Plaintiff and the Defendants entered into an employment contract.

38.     The Plaintiff performed pursuant to her employment contract.

39.     The Defendants breached the contract by failing to prevent the harassment by Berry and by permitting the wrongful, retaliatory termination of the Plaintiff.

40.     The Plaintiff suffered damages as a consequence of the Defendants' and Berry's actions.

41.     The Plaintiff's opposition to the unlawful practices and violations of public policy by Berry was a substantial factor in the termination of her employment.

42.     Title VII and the Connecticut Fair Employment Practices Act prohibit an employer to discriminate against, discipline, or discharge an individual who opposes a discriminatory practice or makes a complaint of discrimination in the workplace.

43.     The Plaintiff complained and protested to her supervisor about conduct which she reasonably believed was a violation of state or federal discrimination laws.

8

44.     The Plaintiff was subsequently terminated.

45.     The Plaintiff's complaints were a motivating factor in her termination.

46.     Despite the Plaintiff's complaints, the Defendants failed to correct Berry's behavior as described above, failed to properly investigate Bernal's complaints, failed to take appropriate action against Berry, and failed to otherwise act in good faith and in a fair manner toward Bernal.

47.     By engaging in the aforesaid conduct, including terminating the Plaintiff for her efforts to enforce her rights, the Defendants have breached their duty of good faith and fair dealing.

48.     As a result, the Plaintiff has suffered damages.


**SEVENTH COUNT: (Respondeat Superior - Healthtrax, SHS, and The Stamford Hospital)**

1-29.   Paragraphs 1-29 of the First Count are hereby incorporated into and made Paragraphs of this Count, as if fully restated herein.

30- 36.  Paragraphs 22-28 of the Second Count are hereby incorporated into and made Paragraphs of this Count, as if fully restated herein.

37.     Bernal suffered injuries proximately caused by the acts of Berry, as set forth in the Plaintiff's Complaint herein.

38.     At all times mentioned herein, an employer – employee relationship existed between Berry and Healthtrax, SHS, and The Stamford Hospital.

39.     At all times herein Berry was acting within the scope and course of her employment, and in furtherance of her employer's business.

9

40.     The Defendants, Healthtrax, SHS, and The Stamford Hospital are legally responsible for all damages suffered by Bernal as set forth in this complaint.

**EIGHTH COUNT:** **(Hostile Work Environment/ Sexual Harassment- Berry, Healthtrax, SHS, and The Stamford Hospital)**

1-29.   Paragraphs 1-29 of the First Count are hereby incorporated into and made Paragraphs of this Count, as if fully restated herein.

30- 36. Paragraphs 22-28 of the Second Count are hereby incorporated into and made Paragraphs of this Count, as if fully restated herein.

37.     The Plaintiff is a member of a protected class.

38.     The Plaintiff was subject to unwelcome sexual harassment that was based on her gender.

39.     The harassment affected the terms and conditions of the Plaintiff's employment and led to the termination of her employment.

40.     The Defendants knew or should have known of the harassment and failed to take prompt remedial action.

10

**WHEREFORE,** the Plaintiff requests the following relief:

1.      Compensatory damages;

2.      Punitive damages;

3.      Damages for emotional pain, suffering, and distress;

4.      Reasonable attorney's fees, prejudgment and post-judgment interest;

5.      The Costs of this action; and

6.      Such other and further relief as the Court may deem just and equitable.


                                        **THE PLAINTIFF,**
                                        **VERALYNN BERNAL**



                          By: _____
                                        Stephanie C. Laska
                                        **HARRIS, HARRIS & SCHMID**
                                        **Attorneys for the Plaintiff**
                                        11 Belden Avenue, First Floor
                                        Norwalk, Connecticut 06850
                                        (203) 838-7111 – Office
                                        (203) 845-0772 - Fax
                                        Juris No. 417877

11

State of Connecticut
                    SS:   Stamford            April 30, 2012
County of Fairfield

Then and there, by virtue hereof, the Original,
Writ, Summons and Complaint,

I made service on the within named
**Jinger Berry**
**Healthtrax International, Inc.**
**The Stamford Hospital**
**Stamford Health System, Inc.**
**Commission on Human Rights and Opportunities**

On April 30, 2012, I made service on **Jinger Berry** by leaving a true and attested copy of
the original Writ, Summons and Complaint, with my doings thereon endorsed,

In the hands of,
**Jinger Berry, 32 Strawberry Hill Court, Stamford, CT**

afterwards on April 30, 2012, I made service on **Healthtrax International, Inc.** by
leaving a true and attested copy of the original Writ, Summons and Complaint, with my
doings thereon endorsed,

In the hands of,
**Kenneth F. Navarro, agent for service, Heathtrax International, Inc., 2345 Main
Street, Glastonbury, CT**

afterwards on April 30, 2012, I made service on **The Stamford Hospital** by leaving a
true and attested copy of the original Writ, Summons and Complaint, with my doings
thereon endorsed,

In the hands of,
**Brooke Schneider, Corporation Service Company, agent for service, The Stamford
Hospital, 50 Weston Street, Hartford, CT**

afterwards on April 30, 2012, I made service on **Stamford Health System, Inc.** by
leaving a true and attested copy of the original Writ, Summons and Complaint, with my
doings thereon endorsed,

In the hands of,
**Brooke Schneider, Corporation Service Company, agent for service,Stamford
Health System, Inc., 50 Weston Street, Hartford, CT**

afterwards on April 30, 2012, I made service on **Commission on Human Rights and**

**Opportunities** by leaving a true and attested copy of the original Writ, Summons and Complaint, with my doings thereon endorsed,

In the hands of,
**Charles Perry, Commission on Human Rights and Opportunities, 25 Sigourney Street, Hartford, CT**


One such Copy for each of the within named.
The within and foregoing is the Original Writ, Summons and Complaint, with my doings thereon endorsed.

Attest,

Process 130.00
Travel  116.00
Copies   65.00        Robert M. Wolfe
Endors    4.00        State Marshal
Serv.     1.00        Fairfield County
Mot.Veh.  00.00
Total    316.00

# Tab B



# State of Connecticut
# Judicial Branch



Civil Inquiry Home    Prev Page    Site Help    Comments    Calendar Notices

Case Look-up

FST-CV12-6013781-S  BERNAL, VERALYNN v. HEALTHRAX INTERNATIO ET AL

**Prefix/Suffix:** [none]    **Case Type:** T90    **File Date:** 05/01/2012    **Return Date:** 06/12/2012

| Case Detail | Notices | History | Scheduled Court Dates | E-Services Login | Screen Section Help | ▶ |

Data Updated as of: 05/24/2012

| Case Information |
|---|

**Case Type:** T90 - TORTS - ALL OTHER
**Court Location:** STAMFORD
**List Type:**
**Trial List Claim:**
**Last Action Date:** 05/23/2012  (Last Action Date is a data entry date, not actual date)

| Disposition Information |
|---|

**Disposition Date:**
**Disposition:**
**Judge or Magistrate:**

| Parties & Appearances |
|---|

| Party Number | Plaintiff/ Defendant | | No Fee Party |
|---|---|---|---|
| 01 | P | VERALYNN BERNAL<br>Attorney: HARRIS HARRIS & SCHMID(417877)<br>11 BELDEN AVE<br>NORWALK, CT 06850 | Appear Date: 05/01/2012 |
| 50 | D | HEALTHRAX INTERNATIONAL INC.<br>Attorney: ✆ MURTHA CULLINA LLP(040248)<br>CITYPLACE ONE<br>185 ASYLUM STREET<br>HARTFORD, CT 061033469 | Appear Date: 05/23/2012 |
| 51 | D | JINGER BERRY<br>Attorney: ✆ MURTHA CULLINA LLP(040248)<br>CITYPLACE ONE<br>185 ASYLUM STREET<br>HARTFORD, CT 061033469 | Appear Date: 05/23/2012 |
| 52 | D | THE STAMFORD HOSPITAL C/O CORPORATION SERVICE COMPAN<br>Attorney: ✆ JACKSON LEWIS LLP(405727)<br>1010 WASHINGTON BLVD<br>7TH FLOOR<br>STAMFORD, CT 06901 | Appear Date: 05/24/2012 |
| 53 | D | STAMFORD HEALTH SYSTEM INC.<br>Attorney: ✆ JACKSON LEWIS LLP(405727)<br>1010 WASHINGTON BLVD<br>7TH FLOOR<br>STAMFORD, CT 06901 | Appear Date: 05/24/2012 |

**Viewing Documents on Civil Cases:** Order Documents and Judicial Notices that are *electronic* on this case can be accessed on this website.*  Pleadings and other documents that are *electronic* can be viewed at any Judicial District courthouse and at many Geographical Area courthouses during normal business hours.*  Documents that are *not electronic* can be viewed at the Clerk's Office in the Judicial District where the case resides.*
* unless otherwise restricted

| Motions / Pleadings / Documents / Case Status | | | | |
|---|---|---|---|---|
| Entry No | File Date | Filed By | Description | Arguable |
| | 05/01/2012 | P | SUMMONS | |
| | 05/01/2012 | P | COMPLAINT | |
| | 05/01/2012 | P | RETURN OF SERVICE | |

Case Detail - FST-CV12-6013781-S

| 05/23/2012 | D | **APPEARANCE** !NEW<br>Appearance |
| 05/24/2012 | D | **APPEARANCE** !NEW<br>Appearance |

| Individually Scheduled Court Dates as of 05/24/2012 | | | | |
| --- | --- | --- | --- | --- |
| FST-CV12-6013781-S - BERNAL, VERALYNN v. HEALTHRAX INTERNATIO ET AL | | | | |
| # | Date | Time | Event Description | Status |
| No Events Scheduled | | | | |

Note: Other court activity may be separately scheduled on short calendars.

Periodic changes to terminology may be made which do not affect the status of the case.

**Disclaimer:** For civil and family cases statewide, case information is displayed and is available for inquiry on this website for a period of time, one year to a maximum period of ten years, after the disposition date. To the extent that Connecticut Practice Book Sections 7-10 and 7-11 provide for a shorter period of time, this information will be displayed for the shorter period. In accordance with the Federal Violence Against Women Act of 2005, cases for relief from physical abuse, foreign protective orders, and motions that would be likely to publicly reveal the identity or location of a protected party may not be displayed and may be available only at the courts.

Attorneys | Case Look-up | Courts | Directories | EducationalResources | E-Services | FAQ's | Juror Information | News & Updates | Opinions | Opportunities | Self-Help | Home

Common Legal Terms | Contact Us | Site Map | Website Policies

Copyright © 2012, State of Connecticut Judicial Branch

# Tab C

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

VERALYNN BERNAL,                          :

                 Plaintiff,               :       CIVIL ACTION NO.

v.                                        :

HEALTHTRAX INTERNATIONAL, INC.,           :
JINGER BERRY, THE STAMFORD                :
HOSPITAL C/O CORPORATION                  :
SERVICE COMPANY and STAMFORD              :
HEALTH SYSTEM, INC.                       :

                 Defendants.              :

## DECLARATION OF CONSENT TO REMOVAL

I, Gabriel L. Williams, hereby declare as follows:

1.      I am over the age of eighteen and believe in the obligations of an oath.

2.      I am an Associate lawyer in the law firm of Jackson Lewis LLP.

3.      I represent Stamford Hospital, who is a defendant in the above-captioned

matter.

4.      Stamford Hospital consents to the removal of this action to Federal Court.

5.      Complaint/Summons were served process on or about April 30, 2012 and,

therefore, pursuant to 28 U.S.C. § 1446, this consent is timely.

PURSUANT TO 28 U.S.C. § 1746, I DECLARE UNDER PENALTY OF
PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Date: _May 22, 2012_                    _____
                                        Gabriel L. Williams

**Tab D**

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

VERALYNN BERNAL,                          :

              Plaintiff,                  :        CIVIL ACTION NO.

v.                                        :

HEALTHTRAX INTERNATIONAL, INC.,           :
JINGER BERRY, THE STAMFORD
HOSPITAL C/O CORPORATION                  :
SERVICE COMPANY and STAMFORD
HEALTH SYSTEM, INC.                       :

              Defendants.                 :

## DECLARATION OF CONSENT TO REMOVAL

I, Gabriel L. Williams, hereby declare as follows:

1.     I am over the age of eighteen and believe in the obligations of an oath.

2.     I am an Associate lawyer in the law firm of Jackson Lewis LLP.

3.     I represent Stamford Health Systems, Inc., who is a defendant in the

above-captioned matter.

4.     Stamford Health Systems, Inc. consents to the removal of this action to

Federal Court.

5.     Complaint/Summons were served process on or about April 30, 2012 and,

therefore, pursuant to 28 U.S.C. § 1446, this consent is timely.

PURSUANT TO 28 U.S.C. § 1746, I DECLARE UNDER PENALTY OF
PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Date: _May 22, 2012_                    _____
                                        Gabriel L. Williams