UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| VERALYNN BERNAL, | : |
| | : |
| Plaintiff, | : CIVIL ACTION NO. |
| | : 3:12-CV-00790 (SRU) |
| v. | : |
| | : |
| HEALTHTRAX INTERNATIONAL, INC., | : |
| JINGER BERRY, STAMFORD HOSPITAL | : |
| and STAMFORD HEALTH SYSTEM, INC. | : |
| | : |
| Defendants. | : JULY 31, 2012 |

**DEFENDANTS' REPLY TO
PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

Plaintiff Veralynn Bernal ("Plaintiff") has agreed to withdraw her claims of breach of contract (Count 3), retaliation (Count 5), and hostile work environment (Count 8) as against Ms. Berry.  (Plaintiff's Memo, p. 3).  However, Plaintiff's remaining claims against Defendants Healthtrax International, Inc. ("Healthtrax") and Jinger Berry ("Ms. Berry") (collectively, "the Defendants") also fail as a matter of law and should be dismissed.

ARGUMENT

A.   Plaintiff Has Failed to State a Claim for Intentional Infliction of Emotional Distress

In her opposition, Plaintiff fails to cite to any case in which a court has found that allegations similar to those alleged in her complaint were sufficient to support a claim for a common law claim of intentional infliction of emotional distress (Count 1).  Because the alleged facts, even when viewed in the light most favorable to Plaintiff, fail to set forth "extreme and outrageous" conduct, Count One must be dismissed.

At most, Plaintiff alleges that Ms. Berry made certain comments to her of a sexual nature which she found to be insulting, demeaning, and unfairly critical. (Plaintiff's Memo, 3). Even if true, such comments alone do not constitute extreme and outrageous conduct for a claim of intentional infliction of emotional distress. Plaintiff makes no attempt to address the numerous cases Defendants cite in which sexually explicit conduct was held not to be extreme and outrageous. E.g., Gur v. Nemeth-Martin Pers. Consulting, Inc., No. CV-98-0331118S, 2001 Conn. Super. LEXIS 813 (Mar. 20, 2001) (defendant's alleged conduct consisted of sexual jokes, conversations, gestures, teasing, constant graphic verbal references to sexual acts, viewing pornography during work hours) (attached to Healthtrax and Berry's June 19 Memo at Tab F); Daigneault v. Consol. Controls/Eaton Corp., No. CV-99-0334518S, 2002 Conn. Super. LEXIS 2003, at *12-16, 24-28 (June 11, 2002) (unwanted shoulder massage and the use of double entendres, word play, jokes, conversations and gestures in sexual context; viewing pornography within the view of other workers; mention of graphic verbal reference to sexual acts), aff'd, 89 Conn. App. 712 (2005) (attached to Healthtrax and Berry's June 19 Memo at Tab G).

In this case, Plaintiff generally alleges that Ms. Berry "harassed" her by making "inappropriate" comments that contained sexually explicit language, and made comments about a medical condition, her breasts, and a former co-worker's unemployment hearing. (Complaint, ¶¶ 12, 16, 17). Even viewing these allegations in a light most favorable to the Plaintiff, Ms. Berry's alleged conduct comes nowhere near the "outrageous" standard required under Connecticut law. Accordingly, Count One must be dismissed.

      B.      <u>Plaintiff Fails to Allege Unreasonable Conduct During the Termination Process</u>

Plaintiff does not disagree that the Connecticut Supreme Court has restricted claims of negligent infliction of emotional distress in the employment context to unreasonable conduct that occurs during the termination process. <u>Perodeau v. City of Hartford</u>, 259 Conn. 729, 748 (2002); <u>see also</u> <u>Parsons v. United Techs. Corp.</u>, 243 Conn. 66, 88 (1997). Plaintiff also does not disagree that "[t]he mere termination of employment, even where it is wrongful, is . . . not, by itself, enough to sustain a claim for negligent infliction of emotional distress." <u>Parsons</u>, 243 Conn. at 88-89. Nevertheless, Plaintiff fails to make any effort to distinguish between conduct that occurred during the course of her employment, and conduct that occurred as part of the termination process. Indeed, Plaintiff's memorandum further demonstrates that all of the conduct at issue allegedly occurred during the course of Plaintiff's employment, and not during the termination process. (Plaintiff's Memo, p. 6). Accordingly, Plaintiff's claim for negligent infliction of emotional distress must be dismissed.

      C.      <u>Plaintiff's Breach of Contract Claim Fails As A Matter of Law</u>

In her memorandum, Plaintiff acknowledges that she was employed on an at-will basis, and, other than citing to general anti-discrimination policies maintained by Stamford Hospital and Heathtrax, provides no support for her contract claim. (Plaintiff's Memo, p. 7). Without any factual or law basis, Plaintiff is attempting to convert general anti-discrimination provisions into contractual commitments.

Plaintiff makes no allegation that any of the Defendants made any statements to her which could form a contract with her.  Rather, in support of her objection Plaintiff presents selective quotes from Healthrax's Employee Handbook and relies upon Healthtrax's anti-harassment policy.  However, Plaintiff fails to disclose that on Page One of the Employee Handbook employees are expressly told:

> The policies and procedures in this handbook are not contractual commitments by Healthtrax and employees shall not construe them as such.  They are intended to be guidelines and merely descriptive of suggested procedures to be followed.  Healthtrax reserves the right to revoke, change or supplement policies at any time with or without notice.  No policy is intended as a guarantee of continuity of benefits or rights.

(Relevant Portion of Employee Handbook, attached hereto at Tab A).  Furthermore, employees acknowledge expressly, among other things:

> 2. The Employee Handbook is not intended to create an expressed or implied contract of employment or any other legally enforceable promises between you and the Company.

(Id.).  Accordingly, the very document Plaintiff relies upon for her contract claim, expressly disclaims any contract.

Furthermore, in her memorandum, Plaintiff acknowledges the decision in Pecoraro v. New Haven Register, 344 F. Supp. 2d 840 (D.Conn. 2004), which is directly on point.  (Plaintiff's Memo, p. 7).  In that case the District Court held that regardless of whether Plaintiff's contract claim was based upon the defendant/employer's written anti-discrimination policy or on federal and state anti-discrimination laws,

> to accept plaintiff's theory would be tantamount to saying that any deviation by an employer from its anti-discrimination policy or from the federal or state anti-discrimination laws gives rise to a claim for breach of an implied contract.  That is not the law.  As this Court stated in Peralta [v. Cendant Corp., 123 F. Supp. 2d 65, 83 (D. Conn. 2000)], "any promises in the employer's anti-discrimination policy are general statements of

-4-

adherence to the anti-discrimination laws, and standing alone they do not create a separate and independent contractual obligation.

Pecorro, 344 F. Supp. 2d at 844.

Because Plaintiff failed to allege any facts that suggest a contractual obligation between the parties, Count Three for breach of contract must be dismissed.

D. Because No Contract Existed Between Plaintiff and Defendants, No Claim of Breach of Implied Covenant of Good Faith and Fair Dealing May Be Asserted

Plaintiff agrees that without an underlying valid contract, a claim for breach of implied covenant of good faith and fair dealing cannot exist. (Plaintiff's Memo, p. 12). Therefore, because Plaintiff has failed to allege facts demonstrating a contract between Plaintiff and Healthtrax, Plaintiff's claim for implied covenant of good faith and fair dealing asserted in Count Six should be dismissed. Furthermore, Plaintiff fails to respond to Defendants' alternative argument that Plaintiff's claim is not actionable because in the employment context such a claim is considered coterminous with the common law claim of wrongful discharge and in this case Plaintiff may seek a remedy for sex discrimination under state and federal statutes.

"[A] cause of action in tort for breach of the covenant of good faith and fair dealing exists only when a discharge violates public policy and the employee is otherwise without a remedy." Dallaire v. Litchfield County Ass'n for Retarded Citizens, Inc., No. 3:00CV01144 (GLG), 2001 U.S. Dist. LEXIS 2389, at *10-11 (D. Conn. Feb. 12, 2001) (attached to Healthtrax and Berry's June 19 Memo at Tab M); Cameron v. Saint Francis Hosp. & Med. Ctr., 56 F. Supp. 2d 235, 243 (D. Conn. 1999); Venterina v.

Cummings & Lockwood, 117 F. Supp. 2d 114, 118-19 (D. Conn. 1999).  Contrary to Plaintiff's claim, Defendants never asserted that Plaintiff failed to exhaust her statutory remedies.  (Plaintiff Memo, p. 13).  Rather, because Plaintiff has possible statutory remedies, Plaintiff's claim for breach of the covenant of good faith and fair dealing is precluded and must be dismissed.

Therefore, for either reason, Count Six must be dismissed.

E.  Plaintiff Does Not State a Cognizable Claim for Wrongful Discharge in Violation of Public Policy

Although Plaintiff mentions Burnham v. Karl & Gelb, P.C., 252 Conn. 153 (2000), in her memorandum, she fails to recognize its holding.  (Plaintiff's Memo, p. 14).  The Connecticut Supreme Court has held that a common law claim for wrongful discharge may only be asserted when a plaintiff is otherwise without a legal remedy.  Exhaustion of an administrative prerequisite does not mean that a party is without a remedy.  Indeed, exhaustion of the administrative filing requirement with the CHRO or EEOC allows a plaintiff to pursue her claim in court.  Indeed, as in this very case, Plaintiff has asserted claims of sexual harassment under Connecticut's Fair Employment Practice Act (Conn. Gen. Stat. § 46a-60) and/or Title VII of the Civil Rights Act (42 U.S.C. § 2000e).  (Complaint, ¶¶ 16, 17, 42).  Accordingly, Plaintiff has statutory remedies available under state and/or federal law to challenge various aspects of her employment.  Therefore, as a matter of law, Plaintiff has failed to state a claim for wrongful discharge upon which relief may be granted and Count Four, and to the extent

that such a common law claim is asserted in Count Five, should be dismissed.[1]

      F.    <u>Plaintiff Did Not Engage In Protected Activity For a Claim of Retaliation</u>

Although informal complaints can constitute protected activity, they must involve some "indicia of a complaint made against an unlawful activity," (<u>Miller v. Edward Jones & Co.</u>, 355 F. Supp. 2d 629, 642 (D. Conn. 2005) (citation omitted)), and "must put the employer on notice that the complainant believes that discrimination is occurring." <u>Eaton v. Coca-Cola Co.</u>, No. 3:06CV01664 (DJS), 2010 U.S. Dist. LEXIS 72194, at *45-46 (D. Conn. July 19, 2010) (citation omitted) (attached to Healthtrax's and Berry's June 19 Memo at <u>Tab N</u>).  Accordingly, "[a] mere statement to the alleged [harasser], albeit a supervisor employed by a defendant, that a comment was inappropriate does not rise to the level of protected activity for a retaliation claim."  <u>Bampoe v. Coach Stores, Inc.</u>, 93 F. Supp. 2d 360, 372 (S.D.N.Y. 1999) (internal quotation marks omitted).

Plaintiff's memorandum confirms that, like the plaintiff in <u>Bampoe</u>, Plaintiff did nothing other than speak with the person whose comments she did not appreciate. (Plaintiff Memo, pp. 15-17); <u>Bampoe</u>, 93 F. Supp. 2d at 372.  Although she alleges that she "addressed the comments made by Berry to Berry directly," and advised Ms. Berry that "her statements were offensive," these allegations do not demonstrate that the Defendants were placed on notice that Plaintiff was complaining of unlawful discrimination.  Accordingly, Plaintiff's Fifth Count must be dismissed.

---

[1]    Count Five, which is entitled "Retaliation," also alleges that Plaintiff's "opposition to unlawful practices and violations of public policy" led to her discharge.  To the extent this count alleges a claim of wrongful discharge, it should be dismissed.

G.  Respondeat Superior is Not an Independent Cause of Action

Plaintiff does not appear to dispute that respondeat superior is a theory of liability, not an independent cause of action.  United Rentals, Inc. v. Wagner, No. 3:07CV00519 (AWT), 2008 U.S. Dist. LEXIS 40755, at *12-13 (D. Conn. May 22, 2008) (attached to Healthtrax and Berry's June 19 Memo at Tab O).

Moreover, to the extent Plaintiff attempts to hold Healthtrax vicariously liable for Ms. Berry's allegedly intentional and negligent tortious conduct, her efforts also fail.  As set forth in Section B and C, *supra*, Plaintiff does not allege a viable cause of action against Ms. Berry for which Healthtrax would be vicariously liable.

Even if this Court concludes that Plaintiff adequately alleged a claim of intentional or negligent infliction of emotional distress against Ms. Berry, Plaintiff has not adequately pled that Ms. Berry's conduct occurred within the scope of her employment and in furtherance of Healthtrax's business.  It is well established that "in order to hold an employer liable for the intentional torts of his employee, the employee must be acting within the scope of his employment and in furtherance of the employer's business."  A-G Foods, Inc. v. Pepperidge Farm, Inc., 216 Conn. 200, 208 (1990); see also Burlington Indus., Inc. v. Ellerth, 524 U.S. 742, 757 (1998) ("The general rule is that sexual harassment by a supervisor is not conduct within the scope of employment.").[2]  Plaintiff alleges no facts to support her conclusion that "Berry was acting within the scope and course of her employment, and in furtherance of her employer's business."  (Complaint, ¶ 39). Plaintiff's bald assertion is insufficient under Bell Atlantic Corp. v. Twombly, 550

---

[2] Plaintiff has failed to cite any authority in which employer has been held vicarious liable for intentional or negligent infliction of emotional distress.  Plaintiff solely relies upon Burlington Industries, Inc. v. Ellerth, 524 U.S. 742 (1998), which involved a claim under Title VII, and not common law tort claims. (Plaintiff's Memo, pp. 19-20).

U.S. 544 (2007), and <u>Ashcroft v. Iqbal</u>, 556 U.S. 662 (2009).

Accordingly, Count Seven of Plaintiff's Complaint must be dismissed.

> H. Plaintiff has Failed to State a Cause of Action for Hostile Work Environment/Sexual Harassment

In her memorandum, Plaintiff indicates that she will be amending her complaint to allege the specific comments on which she rests her claim. (Plaintiff Memo, p. 22 n.1). Most of the comments Plaintiff alleges that Ms. Berry made are not directed at Plaintiff (Comments e, f, g, i, l, m) and some are not even of a sexual nature (Comment d). It appears that only six of the comments were allegedly directed at Plaintiff by Ms. Berry: (1) four comments were allegedly made to Plaintiff regarding her breasts; (2) one comment in which Ms. Berry allegedly told Plaintiff that she had friends in college who were lesbian and tried to hit on her; and (3) one comment in which Ms. Berry allegedly told Plaintiff about how Ms. Berry had oral sex with her husband following some surgery. (Comments a, b, c, h, j, k). Even taken in the light most favorable to Plaintiff, such a limited number of comments do not constitute a severally hostile or abusive work environment due to her gender.

Plaintiff has made no effort to distinguish her allegations from the cases Defendants cited in support of their motion. Moreover, Plaintiff failed to cite any cases which held that analogous facts were sufficient to support a claim of a sexually hostile work place. Accordingly, Count Eight should be dismissed.

CONCLUSION

Based upon Plaintiff's own allegations, all Counts of Plaintiff's Complaint fail to state a claim upon which relief may be granted as to Defendants Healthtrax and Jinger Berry. Accordingly, Defendants request this Court to grant their Motion to Dismiss.

For all of the foregoing reasons, all counts of Plaintiff's Complaint should be dismissed.

DEFENDANTS – HEALTHTRAX INTERNATIONAL, INC. AND JINGER BERRY

By: /s/ Michael C. Harrington
  Michael Colgan Harrington - ct17140
  mharrington@murthalaw.com
  Jonathan Sondheimer Heinlein – ct28952
  jheinlein@murthalaw.com

  Murtha Cullina LLP
  CityPlace I - 185 Asylum Street
  Hartford, Connecticut 06103-3469
  Telephone: (860) 240-6000
  Facsimile: (860) 240-6150
  Their Attorneys

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 31st day of July, 2012, a true and correct copy of the foregoing document entitled **DEFENDANTS' REPLY TO PLAINTIFF'S OBJECTION TO DEFENDANTS' MOTION TO DISMISS** has been filed electronically and served on Plaintiff's counsel via the Court's electronic filing system.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system.

                                              /s/ Michael C. Harrington
                                              Michael Colgan Harrington – ct17140

4020898v2